```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
ROMAINE MCDANIEL,                        :    23cv7859 (DLC)
                                         :
                    Petitioner,          :    OPINION AND
                                         :       ORDER
             -v-                         :
                                         :
SCOTCH & SODA RETAIL LLC and SCOTCH &    :
SODA LLC,                                :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiff Romaine McDaniel filed this action on September 5, 2023, alleging that the defendants discriminated against her based on race and retaliated against her for protected activity in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). An Order of March 26, 2024 entered a default against defendants Scotch & Soda Retail, LLC and Scotch & Soda LLC (collectively, "S&S"), and referred the issue of damages to the Magistrate Judge for an inquest.

Magistrate Judge Robyn F. Tarnofsky issued a report and recommendation on damages on November 22 ("Report"). The plaintiff has made two objections to the Report. This Opinion addresses the plaintiff's objections and adopts the Report in its entirety.

1

## Background

The allegations pleaded in the Complaint are briefly summarized here.  Given the defendants' default, the pleadings are accepted as true except insofar as they relate to the amount of damages.  See Henry v. Oluwole, 108 F.4th 45, 55 (2d Cir. 2024).

Romaine McDaniel, an African-American woman, began working at an S&S retail clothing store in New York City in October 2021.  McDaniel observed that the Store Manager treated African-American customers differently and made them feel unwelcome.  In late-April and May 2022, McDaniel discussed these concerns with an S&S HR representative, a district manager, and the Vice President of Retail in North America, as well as the Store Manager herself.  She was met with skepticism and told that her concerns could not be investigated by HR.  After McDaniel voiced her concerns, the Store Manager began to speak rudely to her, made unjustified accusations against her, and gave her less time than another employee to complete an inventory assignment.  McDaniel reported this retaliatory behavior to HR, but there was no investigation and McDaniel was told nothing could be done.  The Store Manager then quit her job.  Afterwards, on September 14, 2022, S&S terminated McDaniel's employment.

McDaniel began a new job about one month later. She dropped out of school to complete a four-month training program required by her new employer. As a result of her experience at S&S, McDaniel reports that she "experienced symptoms like depression, anxiety and loss of sleep resulting in, among other things, the loss of approximately twenty pounds."

## Discussion

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022). To the extent that the magistrate judge's findings or recommendations are not objected to, or are objected to in a nonspecific or perfunctory fashion, they are reviewed only for clear error. Miller, 43 F.4th at 120.

The well-pleaded allegations in the Complaint, which are taken as true in light of the defendants' default, must establish liability as a matter of law to support default judgment. See Henry, 108 F.4th at 55. "[T]he allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara,

3

183 F.3d 151, 155 (2d Cir. 1999). Instead, the plaintiff bears the burden of proving the extent of damages during the inquest. Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012). A district court need not conduct a hearing to determine damages if there is "sufficient evidence" through other means, including "detailed affidavits." Id.

There is no objection to the Report's findings that, taking the Complaint's allegations as true, the plaintiff has adequately made out claims of retaliation under Title VII, the NYSHRL, and the NYCHRL, but has not adequately made out claims of discrimination under any of those statutes. There being no clear error in these portions of the Report, they are adopted.

Likewise, there is no objection to the Report's findings that an in-person hearing is unnecessary and that the plaintiff should be awarded $3,520 in back pay, $11,130 in attorneys' fees, $1,112 in costs, and post-judgment interest. There is also no objection to the findings that the plaintiff is not entitled to punitive damages under Title VII and that punitive damages are not available under the NYSHRL. There being no clear error in these portions of the Report, they are adopted.

The plaintiff has filed two objections to the Report: She seeks a larger award of emotional distress damages and an award

of punitive damages pursuant to the NYCHRL.  These issues are reviewed de novo and both objections are denied.

I.   Emotional Distress Damages

The Report recommends awarding the plaintiff $30,000 in emotional distress damages.  The plaintiff argues that she is entitled to $100,000 in emotional distress damages.

Compensatory damages may be recovered for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Bergerson v. New York State Off. of Mental Health, 652 F.3d 277, 286 (2d Cir. 2011) (quoting 42 U.S.C. § 1981a(b)(3)).  Courts in this Circuit group emotional distress damages into three categories: "garden variety," "significant," and "egregious." Qorrolli v. Metro. Dental Assocs., 124 F.4th 115, 126 (2d Cir. 2024).  In "garden variety" cases, the evidence of harm is normally based on the testimony of the plaintiff, without corroborating evidence that relates the severity of the injury.  See Id.

The plaintiff agrees with the Report that her emotional distress damages are properly characterized as garden variety. Her brief of December 6, 2024 cites caselaw stating that garden variety emotional distress claims "generally merit $30,000 to $125,000 awards" in this Circuit.  But other cases have pointed to lower ranges, including $5,000 to $30,000.  E.g., Castillo v.

5

Isakov, No. 22cv6888, 2024 WL 5323851, at *12 n.27 (S.D.N.Y. Dec. 27, 2024).  Overall, as the plaintiff previously acknowledged in her brief of February 23, 2024, garden variety emotional distress damages can range from $5,000 to $125,000 in this Circuit.

S&S's retaliatory activities include the worsened work environment that the plaintiff experienced over a period of less than four months, beginning after she raised her concerns regarding the Store Manager in May 2022.  Among other things, the Store Manager spoke to the plaintiff in a rude and condescending manner, and the plaintiff was fired after having worked at S&S for approximately a year.  She experienced anxiety, depression, and loss of sleep.

McDaniel has shown that she is entitled to compensation for her emotional distress due to the retaliatory treatment she experienced.  But awards at the higher end of the spectrum of garden variety emotional distress damages have reflected harsher treatment, which usually lasted for a significantly longer period of time.  See, e.g., Patterson v. Balsamico, 440 F.3d 104, 110 (2d Cir. 2006) (racial violence and award of $100,000); Duarte v. St. Barnabas Hosp., 341 F. Supp. 3d 306, 312-14 (S.D.N.Y. 2018) (seven years of mistreatment and award of $125,000).  The plaintiff has not shown that she is entitled to

6

emotional distress damages any greater than the $30,000 award recommended by the Magistrate Judge.

II. Punitive Damages Under the NYCHRL

The Report recommends denying punitive damages. The plaintiff objects, arguing that she is entitled to $500,000 in punitive damages under the NYCHRL.

Punitive damages are available under the NYCHRL if the "wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.'" Chauca v. Abraham, 885 F.3d 122, 124 (2d Cir. 2018) (quoting Chauca v. Abraham, 30 N.Y.3d 325, 329 (2017)). This is a lower degree of culpability than is required for punitive damages under Title VII, as it "requires neither a showing of malice nor awareness of the violation of a protected right." Chauca, 885 F.3d at 124.

When determining the amount of punitive damages to award, courts draw comparisons to sanctions imposed in other cases, while bearing in mind any significant factual differences between cases. See Payne v. Jones, 711 F.3d 85, 104-05 (2d Cir. 2013). It is also appropriate to consider the "guideposts" that courts use when reviewing punitive damages awards: "(1) degree of reprehensibility of the defendant's conduct, (2) relationship

7

of the punitive damages to the compensatory damages, and (3) criminal and civil penalties imposed by the state's law for the misconduct in question." Jennings v. Yurkiw, 18 F.4th 383, 390 (2d Cir. 2021) (citation omitted).  Among these guideposts, reprehensibility is "perhaps the most important."  Id. (citation omitted).  There are three "aggravating factors" associated with reprehensible conduct:  violence or threats of violence, deceit, and intentional malice.  Id. (citing BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 575-76 (1996)).

    The plaintiff has not shown willful or wanton negligence or recklessness, or a conscious disregard of her rights or the rights of others.  The motives behind her mistreatment by the Store Manager are obscure.  There is also no evidence that she was subject to harsh or extensive mistreatment.  The most significant mistreatment the plaintiff suffered was the termination of her employment, but by that time the Store Manager who had treated her badly was no longer employed at S&S. It is unclear who made the decision to terminate the plaintiff's employment or what their thought process was.  The aggravating factors that are associated with reprehensibility and typically accompany an award of punitive damages--violence, deceit, and intentional malice--have not been shown here.

The plaintiff also has not pointed to any comparable case of retaliation that resulted in an award of punitive damages. Punitive damages are awarded for greater mistreatment, accompanied by more detailed evidence, than has been shown here. See, e.g., Garcia v. Comprehensive Ctr., LLC, No. 17cv8970, 2019 WL 8274296, at *1-2 (S.D.N.Y. Nov. 21, 2019) (physical abuse, threats of further violence, and degrading comments); Ruderman v. L. Off. of Yuriy Prakhin, P.C., No. 19cv2987, 2024 WL 1952582, at *19 (E.D.N.Y. Mar. 28, 2024) (knowing and calculated violations of antidiscrimination laws). The plaintiff has not shown that she is entitled to punitive damages.

## Conclusion

The November 22 Report is adopted in its entirety. The Clerk of Court shall enter judgment against defendants Scotch & Soda Retail, LLC and Scotch & Soda LLC for $3,520 in back pay, $30,000 in emotional distress damages, $11,130 in attorneys' fees, $1,112 in costs, and post-judgment interest.


Dated:   New York, New York
         February 4, 2025

                                          _____
                                             DENISE COTE
                                          United States District Judge